FILED ____     RECEIVED
ENTERED ____     SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 2 2 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1  **DAVID Z. CHESNOFF, ESQ.**
2  Nevada Bar No. 2292
   **RICHARD A. SCHONFELD, ESQ.**
3  Nevada Bar No. 6815
   520 South Fourth Street
4  Las Vegas, Nevada 89101
   Tel.: [702] 384-5563
5  dzchesnoff@cslawoffice.net
   rschonfeld@cslawoffice.net
6  **Attorneys for Defendant**
   **FEREIDOUN KHALILIAN**
7

8                    UNITED STATES DISTRICT COURT
9                         DISTRICT OF NEVADA
                              * * * *
10

11  UNITED STATES OF AMERICA          )
                                      )    CASE NO. 2:23-MJ-536-DJA
12            Plaintiff,              )
                                      )
13  vs.                               )
                                      )
14  FEREIDOUN KHALILIAN,              )
                                      )
15                                    )
              Defendant.              )
16  _____  )

17  <u>**DEFENDANT FEREIDOUN KHALILIAN'S MOTION FOR PRETRIAL RELEASE**</u>

18        **COMES NOW,** Defendant, **FEREIDOUN KHALILIAN,** by and through his attorneys

19  David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby files this Motion for

20
21  Pretrial Release.   This Motion is made and based upon the papers and pleadings on file in this

22  matter, the attached Memorandum of Points & Authorities, and any and all oral argument

23

24

25

26

27

28

adduced at the time of hearing.

   **DATED** this 22nd day of June, 2023.

          Respectfully Submitted:

          **CHESNOFF & SCHONFELD**

            /s/ David Z. Chesnoff
          **DAVID Z. CHESNOFF, ESQ.**
          Nevada Bar No. 2292
          **RICHARD A. SCHONFELD, ESQ.**
          Nevada Bar No. 6815
          520 South Fourth Street
          Las Vegas, Nevada 89101
          (702) 384-5563
          **Attorneys for Defendant**
          **FEREIDOUN KHALILIAN**

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   MR. KHALILIAN'S BACKGROUND:

Mr. Khalilian has no felony criminal history, has a stable residential history, has a stable employment history, and has tremendous family support.  Mr. Khalilian is a United States Citizen and has resided in the State of Florida since 1989.  Mr. Khalilian's brother Homayun Khalilian, who owns and operates 3 DMV offices in California (which require security clearance) will be in Court and has agreed to act as a third party custodian if needed.  Mr. Khalilian's adult son will also be in Court for the hearing on this Motion.  All of Mr. Khalilian's family resides in the United States and have close contact with him.

Among the factors for the Court to consider is Mr. Khalilian's health.  Mr. Khalilian has a significant medical condition, after suffering two heart attacks, that requires him to take over a dozen medications daily.  It is respectfully submitted that release conditions can be fashioned to alleviate any concerns that this Honorable Court has related to Mr. Khalilian, which will permit Mr. Khalilian to continue with his medical regimen related to his heart condition.

### II.   IN OUR SOCIETY LIBERTY IS THE NORM AND DETENTION PRIOR TO TRIAL IS THE CAREFULLY LIMITED EXCEPTION.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 2105, 95 L.Ed.2d 697 (1987).  This sentiment was ingrained in our justice system prior to the passage of the Bail Reform Act, *see Stack v. Boyle*, 342 U.S. 1, 3 (1951), and it remains an essential part of our system today.  In keeping with this fundamental principle of justice, Congress passed the Bail Reform Act of 1984, which is a "narrowly-drafted statute" that focuses its pretrial detention provision on "a small but identifiable group of particularly dangerous defendants." *United States*

*v. Himler*, 797 F.2d 156, 160 (3d Cir.1986).  The Act does nothing to alter or limit the

presumption of innocence before trial. 18 U.S.C. § 3142(j).

> Under the current version of the Act, a judicial officer:
>
> shall order the pretrial release of [a defendant] on personal recognizance, or upon
> execution of an unsecured appearance bond in an amount specified by the court . .
> . unless the judicial officer determines that such release will not reasonably assure
> the appearance of the person as required or will endanger the safety of any other
> person or the community.

18 U.S.C. § 3142(b).  If the conditions outlined in subsection (b) will not serve to assure the

appearance of the defendant at trial or will endanger another person or the community, the

judicial officer shall order the pretrial release of the person "subject to the least restrictive further

condition, or combination of conditions" necessary to meet the requirements of the Act.  18

U.S.C. § 31429(c)(1)(B); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Thus, the Act limits the application of pretrial detention to a small category of offenders in a

limited number of circumstances.  *See United States v. Salerno*, 481 U.S. at 747 (noting that the

Act "carefully limits the circumstances under which detention may be sought to the most serious

of crimes").  For that reason, courts have held that "[o]nly in rare circumstances should release be

denied, and doubts regarding the propriety of release should be resolved in the defendant's

favor." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985); *Gebro*, 948 F.2d at

1121.  The *Motamedi* court further reminded the lower courts to "bear in mind that federal law

has traditionally provided that a person arrested for a noncapital offense shall be admitted to

bail." *Motamedi*, 767 F.2d at1405.

> As this Court knows, pretrial detention is not merely a restriction on the liberty of a

defendant.  The United States Supreme Court has long held that fundamental Fifth and Sixth

Amendment rights may also be irreparably compromised by such detention.  *See Stack*, 342 U.S.

at 4. The *Stack* court detailed the history and purpose of bail pending trial, stating, in pertinent part:

> From the passage of the Judiciary Act of 1789, 1 Stat. 73 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that a person arrested for a noncapital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle would lose its meaning.

*Id.* at 4.

Even where a defendant poses a danger, he must still be released if there is a "condition or combination of conditions [that] will reasonably assure ... the safety of any person and the community." *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (citing 18 U.S.C. § 3142(e)). The *Hir* court also noted that:

> the Bail Reform Act contemplates only that a court be able to "reasonably assure, rather than guarantee," the safety of the community. *See United States v. Tortora*, 922 F.2d 880, 884 (1st Cir.1990) ("Undoubtedly, the safety of the community can be reasonably assured without being absolutely guaranteed.... Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention.").

*Hir*, 517 F.3d at 1092, n 9.

The factors which must be considered in determining whether there are conditions of release that will reasonably assure appearance of the person and the safety of the community are: 1) nature and seriousness of the offense charged; 2) weight of evidence against defendant[1]; 3)

---

[1]The weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986); *Motamedi*, 767 F.2d at 1408.

defendant's character; 4) physical and mental condition; 5) family and community ties; 6) past conduct; 7) history relating to drug and alcohol abuse; 8) criminal history; and 9) nature and seriousness of danger to any person or community that would be posed by defendant's release. *Motamedi*, 767 F.2d. at 1407. The Government bears the burden of showing that, considering all of these factors, no set of conditions can be crafted that will reasonably ensure the defendant's presence at trial and ensure the safety of the community.

While counsel understands that the charges are serious and that the government will assert that it has evidence in support of the charges[2], all remaining factors weigh strongly in favor of Mr. Khalilian being released on conditions. Mr. Khalilian has family ties and support, has no felony criminal history, has no history of drug or alcohol abuse, and has a significant medical condition that requires daily medications.

It is respectfully submitted that the Government cannot meet it's burden in this case as the conditions proposed by Mr. Khalilian alleviate any concerns presented.

/ / /

---

*United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

[2]It is respectfully submitted that there are also factual and legal defenses to the allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

As a result of the foregoing, it is respectfully submitted that Mr. Khalilian be released on the following conditions:

> 1.    Third party custody of his brother;
> 2.    House arrest;
> 3.    Electronic monitoring;
> 4.    Intensive Pretrial Supervision;
> 5.    A signature bond in the amount of $250,000.

**DATED** this 22nd day of June, 2023.

Respectfully submitted:

**CHESNOFF & SCHONFELD**


_____/s/ David Z. Chesnoff_____
**DAVID Z. CHESNOFF, ESQ.**
Nevada Bar No. 2292
**RICHARD A. SCHONFELD, ESQ.**
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563
**Attorneys for Defendant**
**FEREIDOUN KHALILIAN**